In the Matter of LEON GELMAN, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, June 25, 1965.

*John B. Walsh* for petitioner.

*William B. Mahoney* for respondent.

*Per Curiam.* A petition, verified May 10, 1965, has been filed by the Bar Association of Erie County against respondent Leon Gelman alleging various acts of professional misconduct. Among other allegations in the petition are the following:

" 6. A. That since March 1, 1957, the Respondent has failed to file retainer statements, as required by the Rules of this Court, in more than 272 instances.

" B. That since March 1, 1957, the Respondent has failed to file closing statements, as required by the Rules of this Court, in more than 327 instances."

These allegations have been admitted in the respondent's answer. Therefore, the respondent has admitted that in 599 instances between March 1, 1957 and May 10, 1965 he failed to comply with rules III-A and III-B of this court [Rules Relating to Attorneys]. Rule III-A requires retainer statements to be filed with the Judicial Conference, and rule III-B requires that closing statements be filed with the Conference. The complete and utter disregard of his responsibilities as an attorney in relation to this court's rules discloses and demonstrates a complete lack of respect for this court and its mandates, and further indicates that he does not have the moral character and responsibility consistent with qualification to practice law. His explanation as to the failure so to file is completely unconvincing and unimpressive.

The motion of the petitioner to discipline and disbar respondent, or in the alternative to suspend him from the practice of law pursuant to the provisions of section 90 of the Judiciary

Law, should be granted to the extent that the respondent be suspended from the practice of law until such time as there shall be a final determination by this court, upon the remaining charges in the petition. (*Matter of Golenbock,* 13 A D 2d 178.)

This suspension is not intended necessarily to be the final and ultimate degree of discipline to be imposed because of such failures to file.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Order of suspension entered.